UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Civil Action No.:
------------------------------------------------------------------x
SISCA NORTHEAST, INC. AND JODI
REALTY, LLC,

                                    Plaintiff,

                                                                 **DECLARATORY JUDGMENT**
          -against-                                              **COMPLAINT**

SELECTIVE INSURANCE COMPANY OF
AMERICA; PRINCETON EXCESS AND
SURPLUS LINES INSURANCE COMPANY,

                                    Defendants.
------------------------------------------------------------------x

    Plaintiffs, SISCA NORTHEAST, INC. AND JODI REALTY, LLC (collectively

"Plaintiffs")  by and through its attorneys, SMILEY & SMILEY, LLP, as and for its Complaint,

alleges upon information and belief as follows:

## NATURE OF THE ACTION

    1.    This is an insurance coverage action seeking declaratory judgment relief pursuant

to 28 U.S.C. §§ 2201 and 2202, as to the Defendant's coverage obligations to SISCA

NORTHEAST, INC. ("Sisca") and JODI REALTY, LLC ("Jodi") under the policies issued to

AZTEC CONTRACTING CORP. ("Aztec") by SELECTIVE INSURANCE COMPANY OF

NORTH AMERICA ("Selective") for the policy period July 11, 2020 to July 11, 2021 ("the 2020-

2021 Selective Policies") Policy Numbers, S 2264731 (Commercial General Liability) with limits

of $1,000,000, and S 2264731 (Umbrella policy) with limits of $3,000,000 and the second layer

excess policy; PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY,

Policy Number 60A3 U80000009-00, for the period between May 18, 2020 to July 11, 2021 with

limits of $2,000,000 per occurrence and in the aggregate.

2.      An actual and justiciable controversy has arisen and now exists related to the respective rights, duties, and obligations under the 2020-2021 Selective and Princeton Policies.

3.      As set forth more fully below, SELECTIVE owes defense and indemnification to SISCA and JODI on a primary and non-contributory basis in a pending personal injury action commenced by Danilo Goncalves and captioned *Danilo Goncalves v. RFMCH Huguenot Property Owner, LLC LRD Construction, LLC Sisca Northeast Inc. and Jodi Realty, LLC et al,* Index No. 54376/2021 (the "Underlying Action.") (Ex. A)

4.      In particular, Plaintiffs seek a declaratory judgment that the 2020-2021 Selective and Princeton policies provides coverage to JODI and SISCA in the Underlying Action and owes defense and indemnification to SISCA and JODI on a primary and non-contributory basis.

## THE PARTIES

5.      SISCA NORTHEAST, INC. (Sisca) is a corporation organized and existing under the laws of Connecticut, and with its' principal place of business at 1944 Route 22, Brewster, New York 10509 and is authorized to do business in the State of New York.

6.      JODI REALTY, LLC ("Jodi") is a limited liability company organized and existing under the laws of Connecticut, and with its principal place of business at 1944 Route 22, Brewster, New York 10509 and is authorized to do business in the State of New York.

7.      SELECTIVE INSURANCE COMPANY OF AMERICA ("Selective") is a foreign corporation existing under the laws of New Jersey, and with its' principal place of business at 40 Wantage Avenue, Branchville, New Jersey 07890.

8.      PRINCETON EXCESS and SURPLUS LINES INSURANCE CORPORATION ("Princeton.") Princeton was incorporated under the laws of the State of Delaware with a registered office located at 251 Little Falls Drive, Wilmington, Delaware.

2

**JURISDICTIONS AND VENUE**

9.      This Court has jurisdiction over this action pursuant to U.S.C. 28 U.S.C. § 1332 (a)(1). There is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.      Venue in this Court is appropriate under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to this matter occurred in this District.

**THE UNDERLYING ACTION**

11.      Danilo Goncalves ("Goncalves"), filed civil litigation in the Supreme Court of the State of New York, County of Westchester, under Index #: 54376/2021 for personal injuries he allegedly sustained on November 12, 2020 ("the Underlying Action".) (Ex. A)

12.      The Complaint contends Goncalves, was an employee of Aztec Contracting Services, Inc., at the time of his alleged injuries. *Id.*

13.      On November 12, 2020, RFMCH Huguenot Property Owner, LLC. ("RFMCH") owned the real property and building under construction, renovation and demolition located at and known as 327 and 339 Huguenot Street, (also known as 41 Centre Avenue, in New Rochelle, New York) (hereinafter referred to as "premises").

14.      As more fully outlined below, JODI entered into a contract with AZTEC CONTRACTING who was to perform work at the construction project underway the premises on that date.

15.      On November 12, 2020, GONCALVES argues that due to the negligence of RMFCH, SISCA & JODI he was caused to fall from an elevated height during his employment at the premises and therefore is entitled to recover damages for bodily injury as a result of violations of New York Labor Law §§§ 200, 240 and 241(6). *Id.*

16.     On September 10, 2024, JODI filed Crossclaim against the Second Third-Party Defendant AZTEC, a total of Four Counts. (Ex. B) The causes of action which JODI have asserted may be summarized as a claim for: 1) Common Law Indemnification; 2) Breach of Contract; 3) Contractual Indemnification; and 4) Failure to Procure Insurance. (Exhibit B)

17.     AZTEC entered into and executed a contract with JODI on June 15, 2020. (Exhibit C) to provide construction services at a project located at 327 and 339 Huguenot Street, (a/k/a 41 Centre Avenue) New Rochelle, New York. (Ex. C)

18.     The Contract dictates the obligations of the parties, including the extent of insurance obligations. The Jodi/Aztec Contract contains the following provisions:

### § 4.7 Indemnification

§ **4.7.1** To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Contractor, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses, and expenses, including but not limited to attorney 's fees, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them, or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss, or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 4.7.

§ **4.7.2** In claims against any person or entity indemnified under this Section 4.7 by an employee of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them, or anyone for whose acts they may be liable, the indemnification obligation under Section 4.7. l shall not be limited by a limitation on the amount or type of damages, compensation or benefits payable by or for the Subcontractor, or the Subcontractor's Sub-subcontractors under workers' compensation acts, disability benefit acts, or other employee benefit acts.

19. The contract continues and states:

**ARTICLE 12 INSURANCE AND BONDS**
§ **12.1 Subcontractor's Required Insurance Coverage**

The Subcontractor shall purchase and maintain the following types and limits of insurance, from a company or companies lawfully authorized to issue insurance in the jurisdiction where the Project is located, as will protect the Subcontractor from claims that may arise out of, or result from, the Subcontractor's operations and completed operations under the Subcontract.

§ **12.1.6 Additional Insured Obligations.** To the fullest extent permitted by law, the Subcontractor shall cause its commercial general liability coverage to include: (1) the Contractor, the Owner, the Architect, and the Architect's consultants as additional insureds for claims caused in whole or in part by the Subcontractor's negligent acts or omissions during the Subcontractor's operations; and (2) the Contractor and Owner as additional insureds for claims caused in whole or in part by the Subcontractor's negligent acts or omissions for which loss occurs during the Subcontractor's completed operations. The additional insured coverage shall be primary and non-contributory to any of the Contractor's and Owner's general liability insurance policies and shall apply to both ongoing and completed operations. To the extent commercially available, the additional insured coverage shall be no less than that provided by Insurance Services Office, Inc. (ISO) CG 20 10 07 04, CG 20 37 07 04, and, with respect to the Architect and the Architect's consultants, CG 20 32 07 04.

(Ex.C)

Exhibit B of the Contract outlining the Certificate of Insurance Requirements states:

The following workding must be inserted in  your certificate of insurance:: Owner, "RFMCH Hugeenot Property Owner LLC, Fuller Marquis Concrete LLC, JoDi Realty, LLC and its agents are all named as additional insureds on a primary and/non-contributory with respect to any other insurance avaialble to Owner, and Contractor for General Liability and Umbrella, Excess Liability and shall include all other indemnitees as addintional insured; and must include a waiver of subrogation. The certificate must show that there is no action over exclusion for the contract.

## <u>TENDER DENIAL</u>

20.     On November 18, 2021, tender issued to SELECTIVE seeking defense and

indemnification on behalf of SISCA and JODI in conformance with the contractual provisions

and AZTEC insurance policies. (Exhibit D)

21.     A renewal of that tender issued to SELECTIVE on September 11, 2024 (Ex. E)

22.     On January 17, 2025, Rockville Risk Management, the Third Party Administrator

for JODI and SISCA's carrier Allied World, retendered to SELECTIVE on January 17, 2025.

(Ex. F)

23.     The sole coverage position by SELECTIVE issued on January 21, 2025, where

SELECTIVE denied the assumption of the defense and indemnification of either JODI or

SISCA.  (Ex. G (redacted).

<u>**INSURANCE POLICIES**</u>

24.     The SELECTIVE CGL policy (Ex. H) states in pertinent part:

The SELECTIVE policy of insurance states in relevant part:

Blanket Additional Insureds - As Required By Contract Subject to the
Primary and Non-Contributory provision set forth in this endorsement,
SECTION II - WHO IS AN INSURED is amended to include as an
additional insured:

A. Owners, Lessees or Contractors/Architects,
Engineers and Surveyors

1. Any person or organization for whom you are
performing operations when you and such
person or organization have agreed in a written
contract, written agreement or written permit that
such person or organization be added as an
additional insured on your commercial general
liability policy: and
2. Any other person or organization, including any
architects, engineers or surveyors not engaged
by you, whom you are required to add as an
additional insured under your policy in the
contract or agreement in Paragraph 1. above:
Such person or organization is an additional insured
only with respect to liability for "bodily injury",
"property damage" or "personal and advertising
injury" caused, in whole or in part, by:
a. Your acts or omissions; or
b. The acts of omissions of those acting on your behalf;
in the performance of your ongoing operations
performed for the additional insured in Paragraph 1.,
above.

25. The policy also states:

> SECTION II — WHO IS AN INSURED
> 1. If you are designated in the Declarations as:
> a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
> b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
> c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
> e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.
> 2. Each of the following is also an insured:
> a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:
> (1) "Bodily injury" or "personal and advertising injury":
> (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing

7

duties related to the conduct of your business,
or to your other "volunteer workers" while
performing duties related to the conduct of your business…

26.    The liability of SISCA , JODI and RFMCH, if any, arises out of the operations and negligence of AZTEC. The SELECTIVE and PRINCETON policies are required to provide coverage on a primary and non-contributory basis to the SISCA, JODI and RFMCH as Owner and they are required to defend and  indemnify them.

## FIRST COUNT

### (Declaratory Judgment as to Duty to Defend and Indemnify)

27.    Plaintiffs repeat and reallege the allegations of all prior paragraphs of the complaint as if set forth at length herein.

28.    SELECTIVE and PRINCETON owe a duty to defend and indemnify SISCA, JODI and RFMCH in the Underlying Action.

29.    SELECTIVE, PRINCETON have breached their duties and obligations under their insurance policies.

30.    SELECTIVE and PRINCETON owe defense and indemnification to SISCA, JODI and RFMCH as owner, on a primary and non-contributory basis to the policies of insurance issued to AZTEC.

31.    An actual, present, and justiciable controversy exists as to whether SELECTIVE and PRINCETON has a duty to defend and indemnify SISCA, JODI and RFMCH on a primary and non-contributory basis for any damages incurred by way of judgment or settlement of the Underlying Action.

32.     Accordingly, SISCA, JODI and RFMCH are entitled to a declaratory judgment for the above requested relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment:

a.      That SELECTIVE and PRINCETON  are obligated to defend and indemnify

SISCA, JODI and RFMCH in the Underlying Action on a primary and non-contributory basis;

b.      For such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury on all issues triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designates Rosa M. Feeney as trial counsel.

>                             Yours, etc.,
>                             SMILEY & SMILEY, LLP
>
> By:   _Rosa M. Feeney_____
>                             ROSA M. FEENEY
>                             Attorneys for Defendant
>                             JOSE ANGEL GUALLPA CAMPOVERDE
>                             122 East 42nd Street, Suite 3900
>                             New York, NY 10168
>                             (212) 986-2022

Dated:  New York, New York
        March 28, 2025

9